# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

No. 12-60959
Summary Calendar

OTIS LEE FAIRLEY,

Plaintiff - Appellant

v.

MILDRED DAVIS; CHARLOTTE ALFORD; BETSY ENDT,

Defendants – Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No.  4:86-CV-169

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

*Pro se* Appellant appeals the district court's denial of his motion to compel the Mississippi Department of Corrections (MDOC) to upgrade him to "A" custody pursuant to a settlement agreement.  In 1986, Appellant, who had been convicted of murdering a Mississippi Highway Patrolman and was serving a life sentence, filed a civil rights complaint asserting that MDOC had confined him for six months without due process.  In 1988, the parties reached a settlement.  Appellant contends that he agreed to dismiss his case in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  12-60959

exchange for MDOC's agreement to place him in "A" custody, the least restrictive confinement.  Appellant remained in "A" custody until 2011, when he was downgraded to "B" custody.   Shortly thereafter, Appellant filed a motion seeking enforcement of the settlement agreement.  The district court denied Appellant's motion.  We AFFIRM.

Appellant challenges the district court's conclusion that MDOC reasonably complied with the 1988 settlement agreement by affording him "A" custody for 23 years.  Appellant, however, has not submitted a copy of the settlement agreement, and neither MDOC nor the district court that presided over Appellant's 1986 civil rights case remain in possession of the agreement. Under the Federal Rules of Appellate Procedure, Appellant bears the burden of submitting evidence relevant to a challenged conclusion or finding.   FED. R. APP. P. 10(b)(2).   Appellant has failed to meet this burden.  Accordingly, the denial of Appellant's motion is AFFIRMED.

2